UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN MOYER and KEVIN MOYER,

                Plaintiffs,

            -against-                    COMPLAINT  7:17-cv-6911

SUMMIT RECEIVABLES,

                Defendant.

## PLAINTIFFS' COMPLAINT

Plaintiffs, STEPHEN MOYER and KEVIN MOYER ("Plaintiffs"), through their attorney, Hormozdi Law Firm, LLC, allege the following against Defendant, SUMMIT RECEIVABLES, ("Defendant"):

### INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k ("FDCPA").

3. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

### PARTIES

4. Plaintiff, Kevin Moyer, is a natural person residing in Mamaroneck, Westchester County,

New York.

5. Plaintiff, Stephen Moyer, is a natural personal residing in Youngstown, Mahoning County, Ohio.

6. Plaintiffs are consumers as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff, Stephen Moyer, allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the past year of Plaintiffs filing this complaint, Defendant attempted to collect a consumer debt from Plaintiffs.

10. Defendant is a collection agency located in Henderson, Clark County, Nevada.

11. Defendant is a business entity engaged in the collection of debt within New York.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect a consumer debt from Plaintiffs, originating with Plaintiff, Stephen Moyer's, loan from Great Plains.

17. The alleged debt at issue arises from transactions for personal, family, and household purposes.

18. At all times relevant to this complaint, Kevin Moyer was the son of Stephen Moyer.

19. In or around June 2017, Defendant began placing collection calls to Plaintiff, Stephen Moyers, on Plaintiff's cellular telephone number at xxx-xxx-3515, in an attempt to collect the alleged debt.

20. In or around August 2017, Defendant began placing collection calls to Plaintiff, Kevin Moyer, on Plaintiff's cellular telephone number at xxx-xxx-1568, in an attempt to collect a debt not owed by Plaintiff, Kevin Moyer.

21. On more than one occasion, Plaintiffs have spoken with Defendant's collectors.

22. During at least one of these conversations, Plaintiff, Kevin Moyer, spoke with Defendant's male collector, William King.

23. During at least one of these conversations, Defendant threatened to prosecute Plaintiffs.

24. During at least one of these conversations, Defendant described Plaintiff, Stephen Moyer, as a "deadbeat."

25. Plaintiff, Kevin Moyer, has requested that Defendant provide written documentation to verify the alleged debt and Defendant stated that Defendant could only e-mail documentation for validation.

26. Despite refusing to mail written documentation to Plaintiff, Kevin Moyer, regarding the debt, Defendant demanded immediate payment in the amount of $250.00, via an electronic wire transfer, over the telephone.

27. To date, Defendant has not prosecuted Plaintiffs.

28. Plaintiffs have requested that Defendant stop calling them.

29. Despite Plaintiffs request to stop calling, Defendant continued to place collection calls to Plaintiffs' telephone numbers.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

30. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt; when Defendant threatened to prosecute Plaintiffs; when Defendant called Stephen Moyer a "deadbeat;" when Defendant demanded immediate payment, via an electronic wire transfer, over the telephone; and when Defendant continued to place collection calls to Plaintiffs' telephone numbers after Plaintiffs requested that Defendant stop calling them;

   b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiffs' telephone numbers after Plaintiffs requested that Defendant stop calling them;

   c. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that is not intended to be taken, when Defendant threatened to prosecute Plaintiffs and Defendant did not intend to take such action;

   d. Defendant violated § 1692e(10) of the FDCPA by using false representations or deceptive means in connection with the collection the alleged debt, when Defendant threatened to prosecute Plaintiffs; and

   e. Defendant violated § 1692(f)(1) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiffs, STEPHEN MOYER and KEVIN MOYER, respectfully

request judgment be entered against Defendant, SUMMIT RECEIVABLES, for the following:

31. Actual damages of $250.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

32. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

33. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

34. Any other relief that this Honorable Court deems appropriate.

                          RESPECTFULLY SUBMITTED,

September 12, 2017            By: /s/ Shireen Hormozdi
                                        Shireen Hormozdi
                                        Hormozdi Law Firm, LLC
                                        1770 Indian Trail Lilburn Road, Suite 175
                                        Norcross, GA 30093
                                        Tel: 678-395-7795
                                        Fax: 866-929-2434
                                        shireen@agrusslawfirm.com
                                        shireen@norcrosslawfirm.com
                                        Attorney for Plaintiff