UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN MOYER and KEVIN MOYER,<br><br>Plaintiffs,<br><br>-against-<br><br>SUMMIT RECEIVABLES, a Nevada corporation, and ANTHONY GUADAGNA, individually,<br><br>Defendants. | FIRST AMENDED COMPLAINT<br><br>Case No. 7:17-cv-06911-NSR |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, STEPHEN MOYER and KEVIN MOYER ("Plaintiffs"), through their attorney, Hormozdi Law Firm, LLC, allege the following against Defendants, SUMMIT RECEIVABLES, a Nevada corporation, and ANTHONY GUADAGNA, individually (collectively "Defendants"):

### INTRODUCTION

1. Plaintiffs' First Amended Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k ("FDCPA").

3. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

4. Plaintiff, Kevin Moyer, is a natural person residing in Mamaroneck, Westchester County, New York.

5. Plaintiff, Stephen Moyer, is a natural personal residing in Youngstown, Mahoning County, Ohio.

6. Plaintiffs are consumers as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff, Stephen Moyer, allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendants are debt collectors as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the past year of Plaintiffs filing this complaint, Defendants attempted to collect a consumer debt from Plaintiffs.

10. Defendant, SUMMIT RECEIVABLES, is a Nevada based debt collection agency with a principal placed of business located in Henderson, Clark County, Nevada.

11. Defendant, ANTHOYN GUADAGNA, is the CEO of SUMMIT RECEIVABLES.

12. Defendants are engaged in the collection of debt within the state of New York.

13. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

15. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

16. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17. Employees can be held personally liable under the FDCPA. *Robinson v. Managed*

*Accounts Receivable Corp.*, 654 F. Supp.2d 1051 (C.D. Cal. 2009); See also, *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008).

18. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D. NY 1994); *Del Campo v. Kennedy*, 491 F. Supp 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F.Supp.2d 389 (E.D. PA 2004); *Brink v. First Credit Res.*, 57 F.Supp.2d 848 (D.AR 1999); *Pikes v. Riddle*, 38 F.Supp2d 639 (N.D. IL 1998); *Ditty v. CheckRite*, 973 F.Supp. 1354 (D. Utah 1997).

### STEPHEN MOYER AND KEVIN MOYER v. SUMMIT RECEIVABLES

19. Defendant is attempting to collect a consumer debt from Plaintiffs, originating with Plaintiff's, Stephen Moyer, loan from Great Plains.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. At all times relevant to this complaint, Kevin Moyer was the son of Stephen Moyer.

22. In or around June 2017, Defendant began placing collection calls to Plaintiff, Stephen Moyers, on Plaintiff's cellular telephone number at xxx-xxx-3515, in an attempt to collect the alleged debt.

23. In or around August 2017, Defendant began placing collection calls to Plaintiff, Kevin Moyer, on Plaintiff's cellular telephone number at xxx-xxx-1568, in an attempt to collect

3

a debt not owed by Plaintiff, Kevin Moyer.

24. On more than one occasion, Plaintiffs have spoken with Defendant's collectors.

25. During at least one of these conversations, Plaintiff, Kevin Moyer, spoke with Defendant's male collector, William King.

26. During at least one of these conversations, Defendant threatened to prosecute Plaintiffs.

27. During at least one of these conversations, Defendant described Plaintiff, Stephen Moyer, as a "deadbeat."

28. Plaintiff, Kevin Moyer, has requested that Defendant provide written documentation to verify the alleged debt and Defendant stated that Defendant could only e-mail documentation for validation.

29. Despite refusing to mail written documentation to Plaintiff, Kevin Moyer, regarding the debt, Defendant demanded immediate payment in the amount of $250.00, via an electronic wire transfer, over the telephone.

30. To date, Defendant has not prosecuted Plaintiffs.

31. Plaintiffs have requested that Defendant stop calling them.

32. Despite Plaintiffs request to stop calling, Defendant continued to place collection calls to Plaintiffs' telephone numbers.

### STEPHEN MOYER AND KEVIN MOYER v. ANTHONY GUADAGNA

33. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-32 herein, with the same force and effect as if the same were set forth at length herein.

**DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

34. Defendants violated the FDCPA based on the following:

    a. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection

with the collection of an alleged debt; when Defendants threatened to prosecute Plaintiffs; when Defendants called Stephen Moyer a "deadbeat;" when Defendants demanded immediate payment, via an electronic wire transfer, over the telephone; and when Defendants continued to place collection calls to Plaintiffs' telephone numbers after Plaintiffs requested that Defendants stop calling them;

b. Defendants violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendants continued to place collection calls to Plaintiffs' telephone numbers after Plaintiffs requested that Defendants stop calling them;

c. Defendants violated § 1692e(5) of the FDCPA by threatening to take action that is not intended to be taken, when Defendants threatened to prosecute Plaintiffs and Defendants did not intend to take such action;

d. Defendants violated § 1692e(10) of the FDCPA by using false representations or deceptive means in connection with the collection the alleged debt, when Defendants threatened to prosecute Plaintiffs; and

e. Defendants violated § 1692(f)(1) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Defendants engaged in the foregoing conduct.

WHEREFORE, Plaintiffs, STEPHEN MOYER and KEVIN MOYER, respectfully request judgment be entered against Defendants, SUMMIT RECEIVABLES, a Nevada corporation, and ANTHONY GUADAGNA, individually, for the following:

35. Actual damages of $250.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

36. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

37. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

38. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

October 6, 2017        By: /s/ Shireen Hormozdi
                           Shireen Hormozdi
                           Hormozdi Law Firm, LLC
                           1770 Indian Trail Lilburn Road, Suite 175
                           Norcross, GA 30093
                           Tel: 678-395-7795
                           Fax: 866-929-2434
                           shireen@agrusslawfirm.com
                           shireen@norcrosslawfirm.com
                           Attorney for Plaintiff